UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 08-62023-CIV-ZLOCH/SNOW

TINA KOVELESKY,

    Plaintiff,

vs.

FIRST DATA CORPORATION,

    Defendant.

_____/

**PLAINTIFF TINA KOVELESKY'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S LIMITED MOTION FOR SUMMARY JUDGMENT PERTAINING TO WHETHER PLAINTIFF IS A QUALIFIED INDIVIDUAL WITH A DISABILITY UNDER THE ADA AGAINST DEFENDANT FIRST DATA CORPORATION, INC.**

    Plaintiff, Tina Kovelesky (hereinafter Plaintiff), pursuant to Fed.R.Civ.P. 56 and Local Rule 7.5 files her Memorandum of Law in support of her Motion for Summary Judgment in the above case on the grounds that there are no genuine issues of material fact pertaining to whether Plaintiff is a qualified individual with a disability under the ADA. Therefore, as a matter of law judgment should be entered in favor of the Plaintiff.

**STATEMENT OF THE ISSUE**

    The Plaintiff will address the issue of whether Plaintiff has presented sufficient evidence to demonstrated she is a person with a disability within the meaning of Title VII of the Civil Rights Act and of the ADA.

**STANDARD FOR SUMMARY JUDGMENT**

On a motion for summary judgment the court is to construe the evidence and factual inferences arising therefrom in the light most favorable to the nonmoving party. See Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed 2d 142 (1970). Summary judgment can be entered on a claim only if it is shown "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). As the Supreeme Court has explained the sumary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. In such a situation, there can be no 'genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986) (citing Fed.R.Civ.P. 56(c). The Plaintiff, Tina Kovelesky (hereinafter Plaintiff) submits that, as set forth below, Plaintiff has made a showing sufficient to demonstrate she is a person with a disability within the meaning of Title VII and the Americans With Disabilities Act (hereinafter "ADA").

**APPLICABLE STATUTORY AND REGULATORY SCHEME**

The ADA defines a "disability" "with respect to an individual" as (A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual;  (B) a record of such an impairment; or (C) being regarded as having such an

impairment." 42 U.S.C. § 12102(2), 28 C.F.R. § 36.104. A physical or mental impairment is defined as "any physiological disorder or condition, cosmetic disfigurement, or anatomical loss affecting one or more of the following body systems: neurological; musculoskeletal; special sense organs; respiratory, including speech organs; cardiovascular; reproductive; digestive; genitourinary; hemic and lymphatic; skin; and endocrine." 28 C.F.R. § 36.104. "Major life activities" include, but are not limited to, "functions such as caring for one's self performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." Id. Furthermore, "[a] person is considered an individual with a disability…when the individual's important life activities are restricted as to the conditions, manner, or duration under which they can be performed in comparison to most people." 29 C.F.R. Part 36, App. B § 36.104. Plaintiff must also be a qualified individual for coverage under the ADA. A "[q]ualified individual…means an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires. Id.

## ARGUMENT

Plaintiff has produced evidence pursuant to the Statement of Material Facts incorparate herein by reference to establish she is a "qualified individual" with a disability who is substantially limited in the major life activities of reproduction, infertility and working. The first tier of the analysis requires the Plaintiff to demonstrate she has a physical or mental impairment that substantially limits one or more of the major life activities of such individual. 29 C.F.R. Part 36, App. B § 36.104. The Supreme Court of the United States in Bragdon v. Abbott , 524 U.S. 624 (1998) articulated a three-step inquiry for determining whether an impairment substantially

limits a major life activity so as to constitute a disability under the ADA. Id. The three step inquiry requires the court to (1) ascertain whether the Plaintiff has a physical or mental impairment; (2) whether any "major life activities" are impacted by that impairment; and (3) whether the impairment "substantially limits" any major life activity. Id.

## "A PHYSICAL OR MENTAL IMPAIRMENT THAT SUBSTANTIALLY LIMITS ONE OR MORE OF THE MAJOR LIFE ACTIVITIES OF SUCH INDIVIDUAL."

In the instant case the Plaintiff has a physical or mental impairment as defined under the ADA affecting a major life activity and the impairment substantially limits the major life activity of reproduction (e.g. infertility) and working. As evidenced in the Plaintiff's Statement of Material Facts, the Plaintiff has been diagnosed since 2001 with endometriosis affecting her ability to concieve or carry a pregnancy to full term. [Dep. Dr. David S. Ellman 7:19-25, 8:1-12, 9:6-24, 08/24/2009] Plaintiff has had multiple surgeries, [Dep. Dr. David I. Hoffman 86:8-20, 08/19/2009] extensive leaves of absences during the course of her employment with FDC, extensive use of sick, vacation and personal days in order to obtain medical treatment and care, miscarried 2 pregnancies, was determined to be infertile requiring the use of donor eggs and now is unable to conceive or carry a baby as a result of having a hysterectomy to cease the progression of the endometriosis.[Dep. Dr. Hoffman, 80:1, 08/19/2009].

The Supreme Court in Bragdon, considered reproduction to be a major life activity entitled to ADA protection. The Court further found within "[t]he plain meaning of the word 'major' denotes comparative importance" and "suggest[s] that the touchstone for determining an activity's inclusion under the statutory rubric is its' significance." 107 F.3d, at 939, 940.

Reproduction was determined to fall within the phrase "major life activity." Further finding that reproduction and the sexual dynamics surrounding it are central to the life process itself. Id. Furthermore, the Supreme Court found in Bragdon that the Rehabilitation Act regulations further support the inclusion of reproduction as a major life activity, since reproduction cannot be regarded as any less important than working and learning…and as such, reproduction is a major life activity for the purposes of the ADA. Id.  It is undisputed that Plaintiff's endometriosis and infertility are impairments within the meaning of the ADA that substantially limits a major life activity of working and reproduction.

Our analysis is further guided by the Department of Justice regulations. Although "no agency has been delegated authority to interpret the term 'disability,'" Sutton v. United Air Lines, Inc., (97-1943) 527 U.S. 471, 479 (1999), the Agency (e.g. EEOC) was authorized to issue regulations implementing specific provisions of the ADA and as such the Agency [EEOC] is entitled to "great deference" on the meaning of "disability" as used in those provisions. See Muller v. Costello, 187 F.3d 298, 312 & n.5 (2d Cir. 1999) (according "great deference" to Equal Employment Opportunity Commission's (hereinafter EEOC) interpretation of "disability" in employment discrimination cases.Id. In the instant case, great deference should be afforded the "Letter of Determination" issued to Plaintiff and Defendant by the EEOC after a two year investigation by the EEOC finding that the Charging Party was not selected for a position for which she was qualfied because of her disability and due to retaliation, in violation of Title I of the Americans with Disabilities Act of 1990." Id. [bate stamp FIRSTDATA 000489-000491]. As the agency with enforcement and interpretative authority over not only Title VII of the Civil Rights Act but the American's With Disabilities Act great deference should be given to their

finding that Plaintiff was an individual with a disability as defined under the law. As in the instant case, Plaintiff received the EEOC's determination she was a qualified individual with a disability.

## **PLAINTIFF HAS A RECORD OF SUCH AN IMPAIRMENT**

The second tier of the analysis under <u>Bragdon</u> requires the Plaintiff to demonstrate a record of such impairment. <u>Bragdon v. Abbot</u>, 524 U.S. 624 (1998). As evidenced by the Statement of Material Facts No. 5, Plaintiff had to utilize multiple Family Medical Leaves, FDC intermittent leave and sick leave in order to obtain medical treatment and care for her chronic pelvic and abdominal pain, endometriosis, medical appointments, surgeries and infertility. [Bate Stamp FIRST DATA 0000528-000529]. Furthermore, Plaintiff's treating and care physicians, Dr. David Hoffman, Dr. Stuart Zoll, and Dr. David Ellman provided extensive testimony and/or documentation supporting finding Plaintiff disabled under the ADA describing her condition as chronic [Statement of Material Facts Nos. 7-21 and 25-29, and 45]. Furthermore, on at least one FMLA and/or short-term disability period in July 2005 through September 22, 2005, Defendant, FDC's own short-term disability insurance carrier, Hartford, classified Plaintiff as "Total Disability". [Statement of Material Facts No. 22]. Plaintiff continues today to suffer from the progressive affects of endometriosis even after having a complete hysterectomy. [Statement of Material Facts No. 22]. Plaintiff has sufficiently met her burden of proof as an individual with a record of impairment.

Furthermore, Plaintiff's physiological disorder or condition clearly has affected and continues to affect one or more of her body systems including neurological; reproductive;

digestive; genitourinary; and endocrine"[Dep. Dr. David I Hoffman pgs./lines: 20:11-24, 88:19-25, 89:13, 89: 20-25, 08/19/2009] defined under the law as a physical impairment. 28 C.F.R. § 36.104.

## **PLAINTIFF IS AND WAS REGARDED AS HAVING SUCH IMPAIRMENT.**

The third tier of the analysis under <u>Bragdon</u> requires the Plaintiff to demonstrate she is regarded as having such impairment. <u>Bragdon v. Abbot</u>, 524 U.S. 624 (1998). Plaintiff has further met this burden in order to qualify as an individual with a physical impairment that substantially limits one or more of the major life activities.

Plaintiff has provided treating and care physicians who have determined that Plaintiff's condition is debilitating [Material Statement of Facts, No. 21], chronic and severe [Material Statement of Facts, Nos. 7, 10, 17, 19, 25,], and Total Disabled from Defendant's short term disability carrier. [Material Statement of Facts, No. 22]. Affidavits from two former colleagues of Plaintiff also demonstrate that Plaintiff was "regarded as having such an impairment" by fellow employees in Defendant's legal office in Coral Springs, Florida. [Material Statement of Facts, No. 6] [Aff. Tracy French No. 30, June 17, 2009] [Aff. Tracyann Miller, No. 11, 20, 25, June 15, 2009] and the numerous individuals and employees of First Data who processed Plaintiff's sick leave, FMLA leave, and intermittent leave. [Material Statement of Facts, Nos. 5, 23, & 25]. As such, Plaintiff was clearly regarded as disabled. Plaintiff has further offered evidence that she has a record of the disability spanning the 6 ½ years of employment with First Data Corporation. FDC , the leave department, human resource department, Coral Springs legal office staff and employees all knew of Plaintiff's disabilitating conditions and on-going medical

treatment and care as evidenced in the substantial deposition testimony and records/exhibits.[Statement of Material Facts No. 5] and [FIRST DATA bate stamp 000528-529]

Plaintiff has further offered evidence that First Data Corporation, Inc. regarded her or percieved her to be an individual with a disability as evidenced by the on-going granting of leave requests submitted by Plaintiff consistent with FDC policy and approval of intermittent leave in order to enable Plaintiff to obtain medical treatments and procedures for the treatment and care of her endometriosis and infertility. Statements and affidavits [Aff. Tracy French No. 30, June 17, 2009], [Aff. Tracyann Miller, No. 11, 20, 25, June 15, 2009] have been taken and incorporated into Plaintiff's Motion for Summary Judgment which reaffirm Plaintiff was perceived to be an individual with a disability.

## CONCLUSION

Plaintiff should be determined to be a qualified individual with a disability under the ADA and therefore Plaintiff's Motion for Summary Judgment should be granted to Plaintiff ordering such a finding.

## CERTIFICATE OF GOOD FAITH CONFERENCE

I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but has been unable to do so or has made reasonable efforts to confer with all parties or non-parties, who may be affected by the relief sought in the motion, but has been unable to do so.

Respectfully Submitted by:                    s/Lydia B. Cannizzo, Esquire

Date: September 21, 2009                         Lydia B. Cannizzo (0161543)
                                                 cannizzolaw@bellsouth.net
                                                 Cannizzo & Chamberlin, PA
                                                 8759 SW 53rd Street
                                                 Cooper City, FL 33328
                                                 Telephone: (954)680-1699
                                                 Facsimile: (954)680-1699
                                                 Attorney for Plaintiff, Tina Kovelesky

**Certificate of Service**

I hereby certify that on September 21, 2006; I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

                                                 s/Lydia B. Cannizzo
                                                 Attorney for Plaintiff, Tina Kovelesky

## SERVICE LIST

*Tina Kovelesky v. First Data Corporation*
Case No.: 08-62023-CIV-ZLOCH/SNOW

| | |
|---|---|
| Lydia B. Cannizzo, Esquire (0161543) | Jenna Rinehart Rassif, Esquire |
| E-Mail: cannizzolaw@bellsouth.net | E-Mail: jenna.rassif@akerman.com |
| Cannizzo & Chamberlin, PA | Sherica R. Bryan, Esquire |
| 8759 SW 53rd street | E-Mail: sherica.bryan@akerman.com |
| Cooper City, FL 33328 | Akerman Senterfitt |
| Telephone: (954)680-1699 | 1 S.E. 3rd Avenue, 25th Floor |
| Facsimile: (954)680-1699 | Miami, FL 33131 |
| Attorney for Plaintiff, Tina Kovelesky | Telephone: (305)374-5600 |
| | Facsimile: (305)374-5095 |
| | Attorneys for Defendant, First Data Corporation |