```
              UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF FLORIDA

              CASE NO. 08-62023-CIV-ZLOCH
```

TINA KOVELESKY,

      Plaintiff,

vs.                                                **O R D E R**

FIRST DATA CORPORATION,

      Defendant.
_____/

THIS MATTER is before the Court upon the Plaintiff Tina Kovelesky's Limited Motion For Summary Judgment Pertaining To Whether Plaintiff Is A Qualified Individual With A Disability Under The ADA (DE 27) and Defendant First Data Corporation's Motion For Summary Judgment (DE 28). The Court has carefully reviewed said Motions, the entire court file and is otherwise fully advised in the premises.

## I. Background

Defendant First Data Corporation provides credit and debit card processing services to financial institutions and other issuers of cards. It employed Plaintiff Tina Kovelesky as an administrative assistant in its General Counsel Office beginning in November 1999 until March 31, 2006. During the course of her employment with Defendant, Plaintiff utilized multiple Family Medical Leaves, intermittent leave and sick leave to obtain medical treatment for her chronic pelvic and abdomen pain, endometriosis, and reproductive problems. Her condition required multiple medical appointments and surgeries.

The instant action arises out of Plaintiff's allegations that

Defendant discriminated against her based on her physical disability and that after filing a complaint letter with Defendant's human resources department she was subjected to further discrimination and retaliation. Ultimately, Plaintiff alleges, her administrative assistant position was eliminated for an improper, discriminatory purpose and Defendant did not hire her for the same or relatively equivalent position of legal analyst, despite the fact that she applied and was more qualified than the individual who was hired for the position. After Plaintiff's position was eliminated she was discharged, effective April 1, 2006.

Based on this conduct, Plaintiff's two-count Complaint (DE 1) alleges violations of the Americans With Disabilities Act ("ADA") and Title VII of the Civil Rights Act of 1964 by her former employer, Defendant First Data Corporation. She filed her Complaint after having received a letter of determination from the Equal Employment Opportunity Commission ("EEOC") finding that Plaintiff was "not selected for a position for which she was qualified because of her disability due to retaliation, in violation of Title I of the Americans with Disabilities Act of 1990." DE 1, ¶4.

Plaintiff's instant Motion For Summary Judgment (DE 27) seeks judgment as a matter of law that Plaintiff is a qualified individual with a disability under the ADA. Defendant's competing Motion For Summary Judgment (DE 28) seeks judgment in its favor on all issues presented.

II. <u>Standard of Review</u>

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate

> if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c); <u>see also</u> <u>Eberhardt v. Waters</u>, 901 F.2d 1578, 1580 (11th Cir. 1990). The party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986) (quotation omitted). Indeed,

> the moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment.

<u>Clark v. Coats & Clark, Inc.</u>, 929 F.2d 604, 608 (11th Cir. 1991); <u>Avirgan v. Hull</u>, 932 F.2d 1572, 1577 (11th Cir. 1991).

The moving party is entitled to "judgment as a matter of law" when the non-moving party fails to make a sufficient showing of an essential element of the case to which the non-moving party has the burden of proof. <u>Celotex Corp.</u>, 477 U.S. at 322; <u>Everett v. Napper</u>, 833 F.2d 1507, 1510 (11th Cir. 1987). Further, the evidence of the non-movant is to be believed, and all justifiable

inferences are to be drawn in his favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

### III. Analysis

#### A.

In order for Plaintiff to succeed on her claim of employment discrimination under the ADA, she must show that 1) she is disabled; 2) she is qualified for the job; and 3) she was subjected to unlawful discrimination because of her disability. Cash v. Smith, 231 F.3d 1301, 1305 (11th Cir. 2000). Both Plaintiff and Defendant move for summary judgment in their respective favors as to the first two factors.

The first issue for the Court to consider is whether Plaintiff had a disability during the relevant time periods. The ADA defines disability with respect to an individual as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. §12102(1); Cash, 231 F.3d at 1305. Plaintiff is deemed to be "disabled" for purposes of the ADA if she satisfies any one of these three definitions. Gordon v. E.L. Hamm & Associates, Inc., 100 F.3d 907, 911 (11th Cir. 1996). The Court will first evaluate whether Plaintiff is considered disabled pursuant to subsection (A). In doing so the Court undertakes a three step analysis.

First, the Court must determine whether the individual suffers from an impairment. Bragdon v. Abbott, 524 U.S. 624, 631 (1998). The Parties agree that Plaintiff suffered from endometriosis. DE 30, p. 3. This is a physical condition affecting Plaintiff's

4

reproductive system, which caused pain and led to fertility difficulties and pregnancy complications. See id.

Next, the Court identifies the life activity upon which Plaintiff relies, and determines if it constitutes a major life activity under the statute. Bragdon, 524 U.S. at 631. Plaintiff does not specifically identify in her Complaint the major life activity affected by her impairment. In her Limited Motion For Summary Judgment (DE 27), Plaintiff claims she is substantially limited in the major life activities of reproduction and working. DE 27-3, p. 4. Both reproduction and working are major life activities for purposes of the ADA. See Bragdon, 524 U.S. at 639; see also Murphy v. United Parcel Service, Inc., 527 U.S. 516, 523 (1999).

Lastly, the Court must determine whether Plaintiff's impairment substantially limited the major life activity identified. The term "substantially limited" is defined as:

> (I)  Unable to perform a major life activity that the average person in the general population can perform; or
>
> (ii) Significantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity.

29 C.F.R. § 1630.2(j)(1). The factors to be considered in determining whether an individual is substantially limited in a major life activity include: "(I) The nature and severity of the impairment; (ii) The duration or expected duration of the

5

impairment; and (iii) The permanent or long term impact, or the expected permanent or long term impact of or resulting from the impairment." 29 C.F.R. § 1630.2(j)(2); Gordon, 100 F.3d at 911.

As to the major life activity of working, the term "substantially limits" means "significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities." 29 C.F.R. § 1630.2(j)(3)(I); Gordon, 100 F.3d at 911. Further, "the inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working." Id. Plaintiff has not offered sufficient evidence for the Court to determine that she is substantially limited in the major life activity of working.

As to Plaintiff's claim she was substantially limited in the life activity of reproduction, Plaintiff offers deposition testimony of treating physicians that she has been diagnosed since 2001 with endometriosis which affects her ability to conceive and carry a pregnancy to term. DE 27-3, p. 4. Plaintiff states she required multiple surgeries during the course of her employment, miscarried two pregnancies and was determined to be infertile requiring the use of donor eggs to conceive. Id. Defendant contends that because Plaintiff "managed with medication the occasional bouts of pain she experienced from endometriosis (1 to 2 days per month), and had between 2 and 4 pregnancies, and bore a child, Plaintiff is not substantially limited in any major life activity and is hence not 'disabled.'" DE 28, p. 2. In making

6

this argument, Defendant does not dispute the material facts offered by Plaintiff, but merely disagrees that the facts presented constitute a substantial limitation. However, as the Supreme Court recognized in Bragdon, the ADA "addresses substantial limitations on major life activities, not utter inabilities...When significant limitations result from the impairment, the definition is met even if the difficulties are not insurmountable."   524 U.S. at 641.

The record demonstrates that Plaintiff was "significantly restricted" as to the condition and manner under which she could perform the life activity of reproduction as compared to the condition and manner under which the average person in the general population can perform that same major life activity. 29 C.F.R. § 1630.2(j)(1). In considering the relevant factors and their impact on Plaintiff, her endometriosis was a severe and chronic condition which caused significant pain, required multiple surgeries, the use of in vitro fertilization techniques and donor eggs to achieve reproduction. See DE 27-2. She required treatment over a period of years and the long term impact of her condition was that she required a complete hysterectomy. Id. at ¶ 44. It cannot be said that the average person in the general population engages in reproduction in this manner. Though Plaintiff was ultimately able to conceive on more than one occasion and to eventually give birth to one child, the condition and manner under which she could engage in the life activity of reproduction was significantly restricted compared to the general population. Thus, Plaintiff has satisfied the first element of a prima facie case under the ADA. Because Plaintiff meets the definition of "disabled" under the ADA, the

Court need not determine whether there was a record of such impairment or if Plaintiff was regarded as having such an impairment. See Gordon, 100 F.3d at 911.

Next, Plaintiff must establish that she was qualified to perform the essential functions of her job, either with or without a reasonable accommodation. Id. at 910. Genuine issues of material fact remain in dispute as to this issue, which prevent the Court from entering judgment for either Party. For example, Defendant contends that both the administrative assistant position and the legal analyst position required Plaintiff's regular and reliable attendance at work and because Plaintiff was not able to attend work regularly, she was not qualified for the positions. DE 39, p. 6. Plaintiff counters that she was in fact qualified for the positions at issue, that she met Defendant's legitimate employment expectations, and had received merit and performance based increases and ratings during her six and a half year employment history with Defendant. DE 37, p. 6.

Lastly, Defendant contends that Plaintiff cannot satisfy the third element of a prima facie case of discrimination under the ADA, as she was not subjected to unlawful discrimination because of her disability. However, genuine issues of material fact exist which preclude summary judgment in favor of Defendant. For example, Plaintiff alleges that inquiries were made as to her medical status during the course of her employment and during the application process for the legal analyst position. See DE 37, pp.7-8. She further claims that statements were made to her which suggest that her disability was the reason she was not hired for

the open position. Id. Defendant disputes whether the statements made to Plaintiff such as that she would not be offered the legal analyst position because of "everything she was going through," are evidence of discriminatory motive. DE 51, p. 6. The Court's reference to these examples should not be construed to limit a subsequent trial to these issues alone.

B.

Next, Defendant moves for summary judgment on Plaintiff's retaliation claim. To establish a prima facie case of retaliation under the ADA, the Plaintiff must prove each of the following elements: (1) that she engaged in statutorily protected activity; (2) that she suffered an adverse employment action; and (3) that a causal link exists between the protected activity and the adverse employment action. Standard v. A.B.E.L. Servs., Inc., 161 F.3d 1318, 1328 (11th Cir. 1998). If the Plaintiff establishes a prima facie case, the burden shifts to the Defendant employer to come forward with a legitimate non-discriminatory reason for the action that negates the inference of discrimination. Stewart v. Happy Herman's Chesire Bridge, Inc., 117 F.3d 1278, 1287 (11th Cir. 1997). Then the Plaintiff must demonstrate that the employer's proffered nondiscriminatory reason is actually pretexutal. Id.

There are genuine issues of material fact in dispute as to each of these issues. For example, Plaintiff contends that after filing her complaint with human resources regarding comments a supervisor made to her, which referenced her medical treatment, she was subject to adverse employment conditions. DE 37, p. 9. Defendant disputes that Plaintiff suffered any adverse employment

9


action related to the filing of her complaint with human resources and further argues that the decision to eliminate her position was too remote in time to her termination to establish causation. DE 51, p. 9-10. A reasonable trier of fact could find for either Party on these issues. Again, the Court's reference to these examples should not be construed to limit a subsequent trial to these issues alone.

### IV. Conclusion

The Court finds that genuine issues of material fact remain in dispute which preclude the entry of summary judgment for either Party to this action.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that Plaintiff Tina Kovelesky's Limited Motion For Summary Judgment Pertaining To Whether Plaintiff Is A Qualified Individual With A Disability Under The ADA (DE 27) and Defendant First Data Corporation's Motion For Summary Judgment (DE 28) be and the same are hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this ___30th___ day of September, 2010.

                                               _/s/ William J. Zloch_  
                                               WILLIAM J. ZLOCH  
                                               United States District Judge

Copies furnished:  
All Counsel of Record